Good morning, your honors. May it please the court, W. Scott Murphy, on behalf of the claimant, LNG Express, Inc. This important case before the court today weighs the rights of individual citizens and entities against that of the United States government in a civil forfeiture case that is unrelated or there is no related criminal action, matter, investigation, or complaint. Within matter, there was not as much as a traffic summons issued to any of the parties involved. For far too long, the imbalance was tipped far in favor of the government in these types of cases to the detriment of its citizens to take on the government to invoke their constitutional rights. And this initial imbalance was not created by statute. It was not created by any legislative action. There were some court opinions that expanded Rule G5. And that placed an even more unduly burden on claimants such as LNG in a forfeiture case. Now, it appears from some of the recent circuit opinions that that burden has now, or that imbalance has now been shifted or attempted to correct. I'm pleased to say that yesterday, the Sixth Circuit published an opinion. That was yesterday, September 20th, 2017. It's the U.S. versus 31,000 in U.S. currency. It's the United States Court of Appeals from the Sixth Circuit. All I have is a slip opinion. And the Lexis number is 18159. I'll tell you what. You can send us a letter under Federal Rule of Appellate Procedure 28J and give us the citation. We'll be happy to look at it. Okay, I will. I'd like to point out that this case is right on point. It's exactly the case before Your Honor. Well, did the plaintiff there, or the, not the plaintiff, but the claimant there, submit a document that said only- Yes. ... a claim of ownership without any more specificity? And it talked about the- That would make it right on point. If the claimant said, I claim ownership and didn't say anything more. Yes, and in this case, and I'll- And that's what this one's about. And like Your Honor said earlier, it's not binding, but if the Second Circuit decided the case already, and- What about our case that seemed to decide this already, this- It is actually- ... $154,000 case? It's actually talked about in the Sixth Circuit opinion, but it's also- What do they say? They don't agree with it? They do not. All right. And just factually, but it's distinguished, and I can tell the Court why it's distinguished. Is it, did you say Sixth Circuit? Sixth Circuit. Sixth Circuit. Okay, in the Sixth Circuit case, is it like this one where the claim itself, just by saying owner, is not good under current Eighth Circuit law? Right. But do you have answers to interrogatories that might be okay? In the Sixth Circuit case, in our case, we absolutely not only submitted the claim- Yeah, but in the Sixth Circuit case, are there interrogatories? There are no interrogatories. It was simply- There are not interrogatories? No. Okay. And the Sixth Circuit says, on a case when you submit a- And I'll read it because the Court can express it better than me. This case comes to us in a procedural posture unlike most civil forfeiture actions. The government apparently moved to dismiss the claim before it engaged in any discovery, just like the government did in this case. Its basic argument before the district court on appeal is that the claimant's pleadings must do more than assert a bare ownership in res. That is the subject of the forfeiture. That claimant's pleadings must provide the government sufficient detail to draft interrogatories, allowing it to test the claimant's claim of ownership. So the Court- Okay, we'll read it, but what about the Eighth Circuit case? Judge, what's distinguished about that case, and Marcus was the claimant. And- Yeah. Marcus was returned $4,500 because that's what he claimed as his ownership interest. If you look specifically at his wording of his claim, and I addressed it in the response brief, he doesn't do what LNG did in this case. Well, there are interrogatories in Marcus's case, right? There was, but the point I'm trying to make is that he was not saying he was the owner in the claim, and his first claim- Well, it said claimant has an ownership interest in the currency. More or less. No, that was the previous sentence. He claims this amount more or less, and then it says claimant has an ownership interest in the currency, and the Court said that's not enough. But the amended, when he amended, he said, I have an ownership interest in $4,500 because I earned it, it's my money. Yeah, and he said that wasn't enough. But the rest of it, he basically said that he was a bailee and refused to give the bailor's information, which I submit is 100% required. If you, as a claimant, are not asserting ownership of the entire amount, which LNG did, if we asserted possessory or bailor-bailee relationship, we would have to provide more information. But still, as to what he, in the other case, in our 154 case, as to what he owned, he gave details. Correct, and the government submitted and agreed, and the court agreed, and they gave him back his $4,500. But here, those details are lacking. The claim is more specific because he marked his claims an ownership and does not exclude him to everybody else in the world to the ownership of this money. LNG was unequivocal and said this is our money to the exclusion of everybody else in their ownership thereof. So your position is that in the 154 case, he had to give additional facts because of the initial way he described his interest. Correct. But your position, if I don't want to put words in your mouth, but if I understand you, if you just say, it's mine, I own it. Right. That's all you need. That's all you need for standing for the initial, because the case is against a pile of money. And in order to get in the case and file an answer, you have to put a claim in, an unequivocal claim of ownership or detail your possessory interest before you can file your answer and then conduct discovery. So what happened in our case, we did that. And then we were supplied 17 interrogatories. And we answered 17 interrogatories. Then we answered them again. And then we answered them for the third time. And then the motion was made to exclude or knock out our original claim. If the rules contemplated that, why on earth would we have supplemental interrogatories? The supplemental interrogatories are supposed to identify your interest in the money. Now, it's up to the government to decide whether to send the supplementary interrogatories, right? Correct. Yeah. Correct. And they did, and we answered them. Do you have any authority, sir, that once they do that and they send them, then they're claim was amended? I wish I had that. Okay. I wish I had. All I can say is that it was submitted to the court in their motion. And their motion was twofold, because they were trying to knock out some of the answers and knock out my claim, or my client's claim. And we defended on both grounds. And it looked like, I have to submit to the court that I do not believe, based on the lower court's opinion, that the court ever considered the second paragraph in our claim. The first paragraph says, claimant has an interest to, interest in, and right to the property seized herein. Specifically, the defendant in rem $579,000 and change in United States currency. And it demands its restitution and return. That what's- What are you reading from? I'm just reading from the first paragraph of the verified notice of claim. That's a- Your claim, right? What page is the- That's A10 of the- Appendix page 10. All right. That's the first paragraph. That first paragraph was cited in the government's brief. And ironically enough, that's what was quoted verbatim in the lower court's opinion. The second paragraph is where the specificity comes. The interest of the claimant in the defendant in rem by virtue of which claimant demands its restitution, its return, and the right to defend the action is all of the right. Title and interest in said defendant in rem as the owner thereof. I don't think the court considered that second part because it's not mentioned in the opinion. It looks like it was taken as quote from the government's brief. And there is a third paragraph too that the within claim is not frivolous or made for the purpose of delay. It is also made under the purviews of perjury, which is all that G5 requires. Again, my point is you have G6 to ask for more specific questions. If you had to put all that information in your claim, then why have to answer interrogatories in the first place? The interrogatories are only so the government can- In these special rules, rule G we're looking at, do you ever find anything in there that addresses the relationship between the claim and interrogatories? Do the interrogatories amount to an amendment of the claim? Do the interrogatories, can the government pick and choose which they work from? It does have or in all of the critical rules. I believe that they're stuck with those answers. Once they chose to submit the special interrogatories. At least in terms of fairness to a litigant, when you are asked about your standing and you answer 17 questions, and then you answer them again and again for the government, you would think that the government can't say, well, I'm not interested in those. I'm only interested in your simple claim. It's the claim that gets the ball rolling here. What about the fact that the company declined to answer some of the interrogatories? I think it's an absolute red herring when it comes to the standing. I think it has absolutely nothing to do with the ownership, and I think it's the government's way of trying to knock out the claim and not take on their burden. There is a case cited in our brief. I apologize. It's the cases with all of the numbers. The currency is hard to keep track of. They're not by names. They're by numbers. There is US versus 148840. It is a 2008 10th Circuit Court of Appeals case. Ironically, Justice Gorsuch sat on the panel. That case talks about a claim that was made, just an ownership claim. There was money in a backpack or there was money wrapped up. They took the gentleman Austin's deposition, and in that deposition, and I quote, Austin repeatedly claimed that he was the owner of the currency seized, but in response to specific questions about the cash, he invoked his Fifth Amendment privilege against self-incrimination. Specifically, he refused to describe the source of the currency, explain why it was packaged in plastic and foil, and reveal why he was carrying such a large amount of cash. He also failed to disclose anything about his income, his source of employment, and his previous residence. In terms of standing, because that's what the motion was made. It was determined that it's irrelevant. It goes to credibility and maybe on the trial on its merits, but it does not go to standing. All we're asking for is this court is to give us a fair shot to conduct discovery. The last thing I want to say is even in the government's brief, we didn't have the information that they had. In their footnote, they said, yeah, LNG, those two drivers did say they were LNG employees. By the way, we have a picture of the truck that says LNG's name on it, where the money was found. And we have a police report that says the truck is owned by LNG. All of these things I would have gotten if I had even a little bit of discovery, if I would have gotten at least answers to interrogatories from the government. But we have nothing. I submit, Your Honor. Thank you. All right, thank you. Mr. McCree, we'll hear from you. May it please the court. My name is Cameron McCree, and I represent the United States in this matter. And I'd ask for the court's indulgence this morning, I'm dealing with a bit of laryngitis. Your Honor, I believe that this case is squarely within this court's prior precedent in the $154,000 case. In that case, what we're dealing with was a claim that was insufficiently specific. It was the very first claim that Chay Marcus filed in that case, where he said that he was an owner of the money that was involved in that particular case. Let me interrupt you, because that's what I thought at first, too. But you have interrogatories. Yes. And you would agree that if they'd put this one paragraph from the interrogatories in there, and you know the one I'm referring to, if they'd put that in there about the money and where the money came from and all that, if they put that in the original claim, they'd have standing, right? Yes, Your Honor. I believe that would be correct. Okay. Well, why is that where we really are now? Should we treat the interrogatories as amending the claim? No, Your Honor. And the reason for that is because of the standard on which this case was decided. This particular case was decided as a motion for judgment on the pleadings. And under that particular standard, you only can look at the particular pleading that you're evaluating its sufficiency. And here, you also can bring in the complaint and also the answer, but none of those documents add any additional facts that would specify L&G's claim for this particular money. L&G certainly had the right to ask the district court to decide this as a matter of summary judgment. It didn't do that. Had it done that, the district court could have considered the discovery responses. The United States would have had a chance to rebut L&G's evidence with deposition testimony and additional discovery that would have been conducted throughout the case. But neither before the district court in its briefs nor in oral argument today has L&G asked for this case to be decided as a motion for summary judgment. Is it clear that the district court ruled with a judgment on the pleadings? The court does then discuss the Fifth Amendment privilege that was asserted and that being prejudicial to the government's ability to investigate. So it looks like the court went a little bit beyond just the pleading. And Your Honor, I would submit that there is, I can find the page number where the court is speaking about the way in which it's deciding this case, but also it's important to consider the context in which that statement was made. When the United States filed its motion, we filed a motion for a judgment on the pleadings and then asked the court not to give leave to amend citing L&G's responses to discovery, saying that they're basically blocking our way to investigate their claim. And because of that, it's futile to allow them to amend their claim to allege facts that we can't further investigate. But in the alternative, we ask that the district court grant a summary judgment. And we also raised the Fifth Amendment again there. And so we would submit that when the court is speaking about L&G raising the Fifth Amendment, it's speaking about why it's not giving leave to amend. It doesn't specifically state that. But in the context of the way the motions were filed, I would submit that's what the district court is speaking about. What did the motion to strike that the court granted? Before the court rules, it grants the motion to strike. What did it strike? It struck L&G's claim and its answer to the complaint. Now, wait, are you sure? Because I don't know what ECF number seven is. Pardon me. Can you tell me? I'm on page six of the judge's order. Then she strikes their ownership claim. I think she's striking something else in the ECF seven. But tell me if I'm wrong. It's her conclusion right above her signature. It's therefore ordered that the government's motion to strike ECF seven is granted. Do you know what that is? Your Honor, I can pull that up from the docket if I have just one moment. Yeah, yeah. If it's easy, do it. If it's hard, don't. No, Your Honor, I believe in the appendix it has the court docket. And ECF seven is the government's motion to strike. Motion to strike what? The claim. The claim? Motion to strike the claim for failure to have enough detail. OK. Now, were the interrogatories ever struck? Your Honor, I don't believe that they were because they weren't appropriately considered under the standard in which the court was deciding the case. But you also moved to strike answers to the discovery requests? As an alternative relief, Your Honor. When you say that, you mean you moved to strike the interrogatory answers? For a motion to strike, it can be considered under two different standards. The first standard is a judgment on the pleadings, but also a summary judgment standard. And we submitted that it was most appropriate to decide this as a judgment on the pleadings. But in the alternative, we said that the court decided to convert this to a summary judgment motion. We provide an analytical framework for the court to follow if it chose to do that. So what was the point of asking for interrogatory answers if you were going to move for judgment on the pleading? The point would be, Your Honor, to find out a bit more about this case. And here, there was a prejudice to the United States in the way that LNG provided its responses in that it raised the Fifth Amendment as an issue to some of the very background facts that would allow the United States to investigate the claims in which it's making in its claim. And it wasn't a futile exercise. This case would be different if LNG didn't raise the Fifth Amendment and those facts are out there. And it may be a situation in which it's being a little too cute in trying to move to strike a claim once there's discovery responses that are there. But also, the district court would have the discretion to allow them to move to amend their complaint to add those facts in there. And again, much like the summary judgment standard, LNG has never made a request to its claim to add those additional facts. And those are simple things that LNG could do to bring those facts into this particular standard. And it's not done that. Did I hear you answer Judge Benton's question that you believe that if the information in the interrogatory answers was included in the complaint, that would be sufficient? If it was included in the claim, yes, Your Honor. I'm sorry, in the claim. We believe it would be sufficient, but it was not included in the claim. You're making a very formalistic argument. They filed a pleading, a claim that was, you say, insufficient. They filed an interrogatory that had sufficient information. And then you went back and challenged the initial pleading and said that was insufficient and so they're out. But if they had just combined the two, the case would proceed. Do I understand you correctly? And Your Honor, in a way, if I could clarify that a bit, the claim itself under the motion for the judgment on the pleading standard is insufficient. And the discovery request, if they had moved to amend to add those in, it may make it more sufficient. But then we get into discovery and we can move for summary judgment. And at that point, the Fifth Amendment becomes an issue because they're blocking our inquiry into the additional facts that would support their claim. And so at the pleading standard, it may be met if they added in the facts from the discovery, but their proof standard would still not be met once we got later into the case. So they still would have an issue regardless. I'm just wondering why that isn't the posture the case should be in, whether you met your government's burden of proof, ultimately. It's only the government's burden of proof. But I would submit that the government requested this to be a motion for judgment of the pleadings, but also LNG urged the court not to convert this into a summary judgment motion. And so I think it's a bit unfair on LNG's part to now request a standard that would allow them to take advantage of documents that were not permissible under their standard that LNG itself asked the court to consider the case under. The United States laid out in its motion what documents could be considered if this case was to be a motion for judgment on the pleadings. And then LNG, in response, agreed with that standard. If it wanted more documents considered, it had the option to do a different standard of review, which would allow the court to consider those additional documents. It didn't do that. It had the option to file a motion to amend. It didn't do that. And so I think it's, from a fairness standpoint, it's LNG's burden to make sure the court has the facts, it has the documents in the record that would allow it to decide it, and LNG's favorite if LNG believed that's to be the case. Did they have an opportunity to amend their claim? There was certainly a period of time between the filing of the motion and the court's ruling on the motion, and then after that, LNG could have asked the court to amend after the court granted the order. Because there's certainly circumstances in which there's been a post-judgment right to amend a document that's deficient. But instead, LNG chose to take it up on appeal to argue about the case rather than seeking leave to amend. And so once it does that, I think it's stuck with the record that's below, because this court is reviewing what happened below, and all parties agreed at the district court that this case should be a judgment on the pleadings. And so now, to bring in additional documents is unfair to the government, because that was not the standard in which all parties asked the district court to decide this case. Do you agree that our case, $154,000, is distinguishable in that that verified claim said he had an ownership and possessory interest versus, hey, I'm the owner of this bit of property? No, Your Honor. I don't believe that that's a distinction that matters at all. In that particular case, saying an in-owner versus the owner is basically the same thing. If you are an in-owner of the property, then you have the right to challenge the case in the district court. So it's not a distinction to say that you are the owner. So if there are three owners and only one files a claim, that one owner can maintain standing to challenge the case. And so if being in-owner is enough, then in $154,000, that would have been enough. What about the possessory part of it? I'm sorry. Well, it's an ownership and possessory. So in that case, they alleged also just having a possessory interest. And I think that distinction would matter if it was an owner or possessor. But because they're saying that I am both an owner and the possessor, then the consideration of the owner phrase has to be dispositive. Because in $154,000, they were saying that both things existed. And if simply saying that you're the owner, excuse me, saying that you're an in-owner is enough, then the initial claim would not have been dismissed in that particular case. Why isn't that enough? I mean, I understand we have this $154,000 case. But what in the rule requires the claimant to say more than I am the owner? And Your Honor, I will admit that it's not specifically set out in the rule that that requirement is there. But I would submit that that particular rule has been interpreted by this court. Well, I know that. I'm just wondering whether we went on the wrong fork in the road, so to speak. If we're adding a requirement that's not in the rule. And Your Honor, I think it's similar to- Can you give us anything to bolster the reasoning or the decision in that $154 case? And Your Honor, I would submit that that goes back to the purpose of the claim itself. And it's meant to discourage the filing of false claims. And it's requiring a person to file a claim that's sufficiently specific to put them in danger of perjury if it's a false claim. And the specificity requirement is not a high burden. It's not asking for them to explain the bank records where this came from. It's asking for a simple phrase about this money came from X. And they didn't do that. It's a fairly low bar, but it's still a bar that's meant to discourage false claims. And so in doing that, this court didn't follow the approach of a district court in which it required all the detail that you would find in special interrogatories. Instead, this court said that it's something very simple. It's that not just coming in with a conclusory answer is enough. Just giving some specifics. But aren't we talking a little bit difference between standing and then you have the government has the opportunity to file a simple interrogatory that may dispose of the case if somebody can't follow up with anything more specific. It's different, Your Honor. For the standing requirement, we're talking about what they planned. What have they alleged? And the interrogatories, what can they prove? And so the one thing that requiring some specificity does is that it stops these cases from getting mired down in the very early stages of litigation. Because all the parties understand what their requirements are. Because I would also point out the fact that the traffic stop in this case happened after this court's $154,000 decision. And so that was already the law and all parties are assumed to know what the law is. And so this is not some surprise that happened after LNG filed its claim. Is it different because this is cash versus you've taken a piece of property that is more easily, I own that car. What if I said that in a claim? Is it different because it's a fungible item of cash than a piece of tangible property? I would submit that it would be because saying that you own the car is a fact that you can, the government can then follow up on asking for the registration on the car. Would I have standing by just saying, I own that car? Would the government be saying, no, you have to say more in order to even get standing for that? Your Honor, I would submit that in that particular case, the government would likely challenge that case too. But I think the one Lincoln Navigator case that this court decided in, I believe it was in the 90s, it may, excuse me, early 2000s, I think that may have foreclosed that issue. And so I think in this court's, by this court's precedent, I think that it is different, that they're treated differently. But I would point this court back to its own precedent. You're saying that's enough for a car and the one Lincoln Navigator which says, that's my car? I believe that is. Yeah. And if the court does have anything further, I will rest on our briefs from here. All right. Thank you for your argument. Thank you, Your Honor. Mr. Murphy, would you care to make rebuttal? No, you have. Oh, do you use it? Well, I'll give you one minute because I want to ask you a question. Why didn't you amend your claim in light of the answers to the interrogatories? It seems like that would have avoided this. I was following the Rule G5, Judge, and then once- And what do you mean you were following the rule? Rule G5 says, verbatim, identify yourself, identify the money. Well, but we have this case. We have this $154,000 case. I thought that when I got all the interrogatories and we supplied, I thought we were fighting over the Fifth Amendment and the striking of the- The answers. The answers. They had all these other, I couldn't- But then you got a motion for judgment on the pleadings. I did, and- At that point, you're back to the claim. And then to strike also my- But the answers to interrogatories were submitted to the court. And then I got my opposition out. And just in terms of timing, the motion was filed on 6-22 of 2016. I filed my response on July 11th. July 21st, I got the written opinion. No oral argument, no. And when I was reading the opinion, it was following exactly what I thought the law was until at the very end. Because it said, G5 requires this. And then the opinion didn't quote my second paragraph in my complaint. And then I immediately filed the motion for the appeal. But right before that, the government entered default. Because nobody else filed an answer on the money. And the motion for default, the default decree was granted. All right, thank you very much. The case is submitted and the court will file an opinion in due course.